1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ALMA ADRIANA BUSANE,                      CASE NO. 07CV1271
                                                CASE NO. 04CR2557
12                      Petitioner/Defendant,
                                                **ORDER**
13         v.

14    UNITED STATES OF AMERICA,

                        Respondent/Plaintiff.
15

16    HAYES, Judge:

17          This matter comes before the Court on Petitioner/Defendant's Motion under 28 U.S.C.

18    § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 79).

19                                  **BACKGROUND**

20          On September 29, 2004, Petitioner/Defendant Alma Adriana Busane was charged in a

21    four count indictment with importation of approximately 21.29 kilograms of cocaine and 2.89

22    kilograms of methamphetamine in violation of 21 U.S.C. §§952 and 960 and possession with

23    intent to distribute approximately 21.29 kilograms of cocaine and 2.89 kilograms of

24    methamphetamine in violation of 21 U.S.C. § 841(a)(1).

25          On August 24, 2005, a jury returned a verdict finding Petitioner guilty of all counts in

26    the Indictment.

27          On December 19, 2005, the Court held a sentencing hearing. The Court found that the

28    base offense level was 38 under U.S.S.G. § 2D1.1(c)(1), denied an adjustment for minor role

                                        - 1 -

1  under U.S.S.G. § 3B1.2, and imposed a two level increase under U.S.S.G. § 2D1.1(b)(4) for

2  importation of methamphetamine without a mitigating role adjustment. The Court found that

3  safety valve did not apply because Petitioner did not provide authorities with a full and truthful

4  account of the offense.  The Court found the total offense level was 40, the Criminal History

5  Category was I, and the guideline range was 292-365 months.  The Court concluded that the

6  minimum mandatory sentence of 120 months applied and sentenced the Petitioner to serve a

7  period of 138 months imprisonment on each count to run concurrently.   After full

8  consideration of all factors set forth in 18 U.S.C. § 3553, the Court found that 138 months was

9  a reasonable sentence.

10       Petitioner filed an appeal in the Court of Appeals for the Ninth Circuit asserting that

11  1) the trial court failed to properly instruct the jury on her theory of the defense of third party

12  culpability, 2) the district court erred in refusing to grant a safety valve reduction, and 3) the

13  prosecutor's closing argument constituted misconduct.

14       On January 17, 2007, The Court of Appeals affirmed Petitioner's conviction and

15  sentence.  *U.S. v. Busane,* 218 Fed. Appx. 633 (9th Cir. 2007).   The Court of Appeals

16  concluded that the district court properly instructed the jury on all elements of the defense that

17  she lacked the requisite knowledge; and that the district court did not err in refusing to grant

18  a safety valve reduction.  The Court of Appeals concluded "even if the prosecutor's closing

19  argument constituted misconduct, which is doubtful, such misconduct didn't deprive Busane

20  of a fair trial and any error was harmless." *Id.*  Petitioner timely filed a petition for a writ of

21  certiorari to the United States Supreme Court.

22       On May 29. 2007, the United States Supreme Court denied the petition for writ of

23  certiorari.

24       On July 13, 2007, Petitioner file a timely motion to vacate, set aside or correct under

25  28 U.S.C. § 2255.

26                              **APPLICABLE LAW**

27       28 U.S.C. §2255 provides:

28       A prisoner under sentence of a court established by Act of Congress claiming
         the right to be released upon the ground that the sentence was imposed in

1
2
3

violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess
of the maximum authorized by law, or is otherwise subject to collateral attack,
may move the court which imposed the sentence to vacate, set aside or correct
the sentence.

## ANALYSIS

4
5
6
7
8
9
10
11

Petitioner moves the Court to vacate, set aside or correct his sentence on the grounds

that she was denied effective assistance of counsel. Petitioner contend that her trial counsel

1) failed to adequately investigate and present a third party culpability defense on her behalf;

and 2) failed to adequately explain the advantages and disadvantages of going to trial.

Petitioner asserts that her sentence violated the holding of the United States Supreme Court in

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and was not reasonable under

*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).

12
13
14
15

Respondent contends that the record in the case conclusively establishes that counsel

for Petitioner effectively investigated and rigorously presented her third party culpability

defense. Respondent asserts that Petition has no cognizable claim under *Apprendi* or

reasonableness challenge under *Booker*.

## Ineffective Assistance of Counsel

16
17
18
19
20
21
22
23
24
25
26
27
28

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show

that defense counsel's representation fell below an objective standard of reasonableness, and

that any deficiencies in counsel's performance were prejudicial. *Strickland v. Washington*,

466 U.S. 688, 690, 104 S.Ct. 2039, 2052 (1984). Both deficient performance and prejudice

are required before it can be said that a conviction or sentence resulted from a breakdown in

the adversary process that rendered the result of the proceeding unreliable and thus in violation

of the Sixth Amendment. *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). In

order to show that counsel's representations fell below an objective standard of reasonableness,

Petitioner must identify "material, specific errors and omissions that fall outside the wide range

of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th

Cir.1991)(citation omitted). To prevail on the prejudice prong, there must be "a reasonable

probability that, but for counsel's unprofessional errors, the results of the proceedings would

have been different. A reasonable probability is a probability sufficient to undermine

1   confidence in the outcome."   *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

2   Petitioner's claim that her trial counsel failed to investigate and present the third-party

3   culpability defense is not supported by the record in this case.  In opening statement, counsel

4   for Petitioner told the jury that "[s]he is not guilty and she did not know that there were drugs

5   in her car.  There is someone who did know and this person's name is Jesus Valtierra, a person

6   the Government neglected to mention in their opening statement. Mr. Valtierra is Miss

7   Busane's ex-boyfriend.  He's a man that she trusted.  He's a man that she loved and he's a man

8   who ultimately used Miss Busane for his personal gain."  (Exhibit 7 at page 112.) Counsel for

9   Petitioner presented testimony from Petitioner's daughter that Petitioner and Valtierra had a

10  romantic relationship; that Valtierra visited Petitioner's residence daily and had a key to

11  Petitioner's residence; that Valtierra knew that Petitioner intended to go to Mexico on the day

12  of her arrest; and that Valtierra had access to the car keys and usually drove Petitioner's car.

13  Counsel for the Defendant presented the testimony of Valtierra in an attempt to bolster the

14  third party culpability defense and argued forcefully in closing argument that Valtierra was

15  "the real culprit."  (Exhibit 8 at page 565.)  Counsel for Defendant submitted a theory of the

16  defense instruction to the Court specifically blaming Valtierra and the Court instructed the jury

17  that Petitioner maintained that she did not know the car contained drugs and that Jesus

18  Valtierra placed the drugs in the car without her knowledge.  The Court of Appeals concluded

19  that the jury instructions  properly instructed the jury on all elements of the defense that she

20  lacked the requisite knowledge.  The record in this case conclusively established that defense

21  counsel thoroughly investigated and rigorously presented at trial Petitioner's third party

22  culpability defense.

23  The Court concludes that there are no facts to support any claim that defense counsel's

24  representation was outside the range of professional competent assistance and that Petitioner

25  suffered prejudice from the defense counsel's representation in this case.  Petitioner does not

26  identify any aspect of the proceedings that defense counsel failed to explain or identify any

27  prejudice from her conclusory allegation that counsel failed to inform her of the consequences

28  of going to trial.  Petitioner's continued claim that she is innocent and that Valtierra committed

1 the offense is contrary to any claim that the result in this case would have been different but

2 for some unidentified failure of her counsel to inform her of the consequences of going to trial.

3 *See Young v. Runnels,* 435 F.3d 1038, 1043 (9th Cir.), *cert. denied*, 127 S.Ct. 579 (2006) (to

4 prove prejudice, defendant "must demonstrate a reasonable probability that, but for counsel's

5 alleged errors, the result would have been different").

6 ### *Apprendi*

7 In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), the United States

8 Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the

9 penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury , and

10 proved beyond a reasonable doubt." *Id*. at 490.  The drug type and quantity in this case were

11 alleged in the indictment, and presented to and found by the jury in this case.  There are no

12 facts to support any violation of the rule established in *Apprendi.*

13 ### *Booker*

14 Petitioner makes reference to the opinion of the United States Supreme Court in *United*

15 *States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005) in her Motion for Relief under § 2255.

16 In *Booker*, the United States Supreme Court severed the mandatory aspect of the Sentencing

17 Guidelines and rendered them "effectively advisory." *Id*. at 245.  After *Booker*, review of a

18 sentence imposed by the district court takes place in two steps: 1) whether the district court

19 properly calculated the applicable range under the advisory guidelines; and 2) whether the

20 sentence is reasonable.  *U.S. v. Mohamed*, 459 F3d 979, 985 (9th Cir. 2006).  Petitioner in this

21 case does not challenge the calculation of the applicable range under the advisory guidelines.

22 After finding the guideline range in this case was 292-365 months and that the mandatory

23 minimum sentence was 120 months, this Court considered the facts and circumstances of this

24 offense and all of the factors under 28 U.S.C. § 3553 and conclude that "a reasonable sentence

25 would be 138 months."  Exhibit 3 at page 41-42.  Nothing in *Booker*, would require that this

26 sentence be vacated upon the grounds that it was imposed in violation of the Constitution or

27 laws of the United States, or that the sentence was in excess of the maximum authorized by

28 law.

1

**CONCLUSION**

2      The Court has examined Petitioner's legal arguments in support of the motion to vacate

3  or modify the sentence imposed under 28 U.S.C. § 2255.  No factual record needs to be

4  developed.

5      **IT IS HEREBY ORDERED THAT** the motion to vacate and correct sentence

6  pursuant to 28 U.S.C. § 2255 filed by Petitioner/Defendant (#79) is denied.  The Clerk of the

7  Court is directed to enter Judgment in favor of Respondent.

8  DATED:  November 14, 2007

9

**WILLIAM Q. HAYES**
10                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -